The ¡Grand Jury for the Superior Court of Albemarle, made sundry presentments against individuals under the gaming act. The first was against William II. Garland, “for putting up a watch to be unlawfully raffled for, to raise for himself the sum of twenty-five dollars.” The second against Charles E. Harrison, “ for unlawful gaming, by taking a chance at two dollars in a raffle, and raffling for a watch put up by William H. Garland, to raise for himself the sum of twenty-five dollars, the value of the watch .so put up to be raffled for.” The third against Charles Downing, “for unlawful gaming, by putting up two horses to be raffled for, to raise for himself the sum of two hundred dollars, at his own house, &c.” The fourth against Lyman Peck, “for unlawful gaming, by taking a chance at twenty dollars, in a raffle, and raffling for two horses, put up by Charles Downing, at the price of two hundred dollars, at the house of Charles downing, &sc.” The fifth against Charles Downing. “for unlawfully putting up a raffle, to be played for at cards, a parcel of books, of the amount of eighty dollars, and having the same played for at cards, to raise for himself the sum of eighty dollars, at his own house, &c.” The sixth against William F. Gordon, “for unlawful gaming with cards, and winning *653 a parcel of books, of the value of eighty dollars, within twenty four hours, at the house of Charles Downing, Sic. said books having been unlawfully put up in a raffle by said .Downing, to be played for with cards, to raise for him the sum of eighty dollars, &c.” The seventh was against William II. Jones, for putting up a raffle of pictures of the value of eighty dollars, and was of the same description as the fifth The eighth was against Ebenezer Zone, for taking a chance at three dollars, in the last raffle, and is like the second.
The Superior Court being doubtful whether a portion of the cases thus presented, if established by proof, be punishable by the laws made for the prohibition of unlawful gaming, adjourned the following points to this Court for its decision.
“ 1, Does the individual who takes a chance in a raffle, at twenty dollars a chance, or any smaller sum, where the property raffled for, exceeds twenty dollars in value, and the raffling takes place in a private house, come within the "act, to reduce into one the several acts, or parts of acts, to prevent unlawful gaming?”
“2 Docs the individual who takes a chance as aforesaid, and who raffles as aforesaid, and wins the thing raffled for, come within the meaning of the said law?
“ 3. Where the whole value of the thing raffled for exceeds $ 20, but the prize is won by two individuals in the raffle in partnership, and the value to each when divided does not amount to twenty dollars, do both come within the operation of the said law, or without ?
“4. As lotteries and raffles, are both games of chance, and of similar character, prohibited by the Legislature in the same clause of the gaming law, and as by an amendment to that clause, the vendor, or purchaser of a lottery ticket, is subjected to a penalty (viz: $ 100,) and as by the 291 h section of the same law, the Courts are directed to construe the several laws made for the prevention of unlawful gaming, as remedial statutes, and as the purchase of *654 a chance in a raffle comes within the evil intended to be remedied by the said amendment, can the individual who takes a chance in a raffle, be considered as embraced by the said amendment ?”
General Court, after conferring on the subject, entered the following judgment
The Court is of opinion, and doth decide:
1. That the class of cases embraced by the first question adjourned to this Court, does not come within the “act to reduce into one the several acts, or parts of acts, made to prevent unlawful gaming.”
2. That the class of cases mentioned in the second question, does come within the meaning of the law.
3. That the third class of cases does not come within the operation of the law.
4. That an individual who takes a chance in a raffle, cannot be considered as embraced in the amendment referred to in the fourth question.
Which is ordered to be certified, &c.
JVotc by Jirockenbrovgh, J. The reasons for the above opinion were not assigned by any member of the Court, but they are believed to be as follows.
The 27th section of the act prohibits raffling as an unlawful game. The sixth section declares, that if any person, by playing or betting at any game, or wager whatsoever, at any time within the space of twenty-four hours, shall lose, or •win to, or from another, a greater sum, or any thing of greater value than g 20,the loser and winner shall be liable to pay one-half of the entire sum above the said sum of twenty dollars, which he shall so win, or lose, upon information, 8cc., to the use of the Commonwealth, &o. The first class of cases, mentioned by the Court, supposes that the individual stakes tioenty dollars only, or less, upon the game: he cannot lose more than twenty dollars, and the case does not suppose that he wins the thing raffled for, but is unsuccessful. He does not, therefore, come within the law. So, as to the third class of cases; neither individual wins as much as twenty dollars, and therefore, does not come-within the act.
As to the second class of cases, it is different. The prize is of greater value than twenty dollars, and is won by the defendant. But, it is objected, that he does not win from another, but from sundry persons, the thing raffled for, and as they do not lose more than jg 20 each, and therefore, do not come within the law, so neither does the winner. To this it was answered, that although such *655 might be the grammatical, and literal meaning of the clause, it was not the pro* per construction* This law is to be eonsUued, according to its own provisions, as a remedial law 5 in other words, so as to advance the remedy, and suppress the mischief The object of the law is to prevent high gaming, and if an individual wins more than the prescribed sum, Ids offence is the same, whether he wins it from one, or from several*
As to the fourth class of cases, it does not come within the law, because ah aftongU raffles and lotteries are similar, vc»t Uiry are not the same*